*Hewitt* for appellant: *Cates & Lindsey* for appelle.

---

CHANCERY.

## Taylor's Executors *vs* Gibbs, and Taylor's Executors and Heatherly *vs* Gibbs, Kincade, Rogers, &c.

ERROR TO THE MADISON CIRCUIT.

*Case* 87.

·*April* 24.

*Practice. Depositions.*

CHIEF JUSTICE EWING delivered the opinion of the Court—Judge BRECK did not sit in this case.

The case stated.

GIBBS, holding the due bill of Taylor and Heatherly, filed his bill in Chancery, attaching in the hands of J. B. & J. J. Walker, a fund which he alledges was set apart by Taylor, in his lifetime, by agreement between them, for the payment of the due bill. The fund in the hands of the Walkers arose from notes that had been placed in their hands by Taylor: one on Bennett, which had been collected, and another on Kincade and Rogers, which was in the course of collection. Taylor is charged to have died in failing circumstances, and Heatherly to have absconded from the state insolvent. Kincade and Rogers, who were made defendants, answered, making their answer a cross bill, in which they, in substance, charge that Heatherly and Taylor were partners in stock trading to the south, and in the purchase of slaves in Virginia, and that Heatherly had collected in the south money due to Kincade and Rogers, and by the assent and direction of Taylor took the same to Virginia and laid it out in the purchase of partnership slaves, he, Taylor, agreeing to credit the amount on the note of Kincade and

Rogers.   At the September term of the Court, 1842, a
decree was rendered in favor of Gibbs, for the amount of
the fund in the hands of the Walkers that had been col
lected from Bennett, and the cause as to the fund to be
collected from Kincade and Rogers, and which was in
litigation on their cross bill, continued.   The executor of
Taylor appealed from this decree.   At this term of the
Court a warning order was made against Heatherly, on
the cross bill of Kincade and Rogers, and at the Decem-
ber term following, a decree was rendered in their favor,
allowing a part of the credit which they claimed, and for
that amount, perpetuating their injunction against a judg-
ment at law obtained against them on their note, and
dissolving it for the residue.   From this decree Taylor
and Heatherly have appealed, and both cases are now be-
fore this Court upon distinct records.

Upon the merits, we are perfectly satisfied that both
decrees were proper and ought to be sustained.   Enough
is proved to satisfy this Court that an amount of the funds
in the hands of the Walkers was set apart, by agreement
between Taylor and Gibbs, for the payment of the lat-
ter's debt, and that his due bill was deposited with the
Walkers to be paid by them when the notes placed in
their hands were collected.   This being the understand-
ing, Gibbs had an equitable lien upon the fund, for the
payment of his demand, and might rightfully enforce it
in equity.   Nor do we think that there is such a variance
between the proof and allegation of the bill in this case,
or in the case of Kincade and Rogers on the cross bill,
as to justify a reversal of either decree.   Nor do we think
that other creditors of Taylor were necessary or proper
parties to Gibbs' bill.   None others are named or shown
to have a claim or lien upon the fund in the hands of the
Walkers, and the Walkers admit that all who had a claim
had been satisfied and paid, except themselves, and that
they claimed only a few dollars.   The controversy is be-
tween Gibbs and Taylor's executor, who claims the fund
for the benefit of the general creditors of Taylor.   The
general creditors have no specific lien, equitable or legal,
upon this or any other fund, and are not necessary par-
ties.   The executor alone has a legal right to the fund in

case it has not been pledged or otherwise set apart for a specific object, by the testator in his lifetime, and is the proper party to make defence against the lien set up by the complainant, and the general creditors are to look to him. It would be monstrous to require the complainant, in a bill to enforce his lien, to bring all the general creditors before the Court. It might as well be required that a mortgagee should bring all the general creditors before the Court, in a proceeding to enforce his lien, after the death of the mortgagor.

This Court will not reverse and send a cause back to the Circuit Court, that a traverse may be entered, where the proof of complainant sustains his bill.

But though a full term had expired after the warning order was made against Heatherly, before the decree was rendered on Kincade and Rogers' cross bill, it seems that no formal traverse was entered as required by the statute, and it is contended that, for this cause, the decree should be reversed. We think otherwise. The only object of the traverse is to throw the burthen of sustaining the allegations of the bill upon the complainant. And if, by the proof in the cause, those allegations have been sustained, Heatherly has not been prejudiced by the omission to enter the traverse; and it would be a useless and formal act for this Court to send the case back, merely to have the traverse entered, when upon its entry and the proof already in the cause, the Court would be bound to render precisely the same decree that was rendered. But it is objected that the depositions read in the Court below, and upon which the decree was founded, were taken without notice as to Heatherly, and if they be excluded, then was the proof insufficient to sustain the decree. They were not objected to in the Circuit Court on the ground of a want of notice.

A defendant against whom a warning order has been regularly taken, is constructively in Court, and depositions taken against such an one not objected to in the Court below, cannot be objected to in this Court for the first time.

It has been heretofore determined by this Court, that as the publication was constructive notice to a non-resident, and when made he was constructively before the Court, so the warning order which is substituted for publication, is constructive notice, and a defendant so warned, is constructively before the Court, and as such, if no objection be made in the Court below to depositions and papers read on the hearing, that we are not authorized to disregard or reject them, upon an objection for the first time made in this Court. If they be excluded in the

Court below, the party may obtain leave to take them over or to amend his proof; if excluded here, the party would be without remedy, and might, by surprise, be subjected to the loss of a meritorious cause, for some casual and inadvertent defect or omission in his notice or proof, which might be easily supplied.

It is, therefore, the opinion of the Court that both decrees be 'affirmed.

*Turner* for plaintiffs: *Caperton* for defendants.