Herbert *vs.* Wich.

(Decided 11th January, 1877.)

---

DANIEL HERBERT *vs.* GEORGE WICH.

*Irregularity of Docket entry—Mistrial—From what an Appeal does not lie.*

A suit was brought to recover damages for the continuation of a nuisance. The defendant pleaded in bar a former recovery for the same matter, and a rule was laid upon the plaintiff to reply. At this stage of the pleadings, there was entered on the docket "Issue joined," and the case was tried *ex parte*, and resulted in a verdict and judgment for the plaintiff. On motion by the defendant to strike out the verdict and judgment, it was HELD:

1st. That as the defendant had tendered no issue to the country, the docket entry of "Issue joined," was irregular, and the verdict and judgment were erroneous and should be stricken out.

2nd. That as there was no issue, it was a mistrial, and the defect was not cured by verdict.

No appeal lies from a refusal to allow additional reasons to be filed in support of a motion to strike out a judgment.

APPEAL from the Circuit Court for Baltimore County.

This suit was brought by the appellee against the appellant in the Court of Common Pleas, to recover damages for the alleged continuation of a nuisance, in building over and closing up an alley in the rear of the property of the plaintiff, which he had a right to use in common with others, whereby the light and air were excluded from his

house. The defendant pleaded in bar a former recovery for the same subject-matter. A rule was laid upon the plaintiff to reply. On the suggestion and affidavit of the defendant, the case was removed to the Circuit Court for Baltimore County for trial. After the removal of the case there was entered on the docket "Issue joined," and an *ex parte* trial was had which resulted in a verdict and judgment for the plaintiff. On the following day counsel appeared for the defendant and moved the Court to strike out the verdict and judgment, and in support of the motion filed the following reasons:

1st. Because the same were a surprise to the defendant.

2nd. Because the plaintiff in the Superior Court of Baltimore City, heretofore recovered upon the same cause of action against the defendant, a verdict and judgment for one cent damages and costs, which judgment and costs, recovered as aforesaid, the said defendant has fully paid and satisfied; that said recovery was had upon the same subject and was between the same parties as involved in this case.

The defendant offered to file additional reasons in support of his motion and the plaintiff objected. The Court sustained the objections of the plaintiff and disallowed the offer of the defendant, and overruled the motion to strike out. The defendant appealed from the refusal of the Court to allow him to file additional reasons, and from the order overruling the motion to strike out.

Afterwards the defendant moved that the judgment be arrested for the following reasons:

1st. Because of errors apparent upon the face of the record in this case in entering the judgment, in this: That the plaintiff was under rule replication, and a replication of any kind was not filed by him in the said cause in reply to the plea in bar, as appears from the papers and record in said case, before submission of the said case to the jury, though under rule replication.

2nd. Because the entry of "Issue joined" made by the clerk of said Court in said case upon the docket of said Court, was erroneous and unwarranted in law.

3rd. Because the said case not being at issue when submitted to the jury, their verdict and the judgment thereon were therefore void in law.

The Court overruled the motion in arrest of judgment and the defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*W. E. Gleeson,* for the appellant.

*John C. King,* for the appellee.

STEWART, J., delivered the opinion of the Court.

The plaintiff below declared for a nuisance or the continuation thereof.

The defendant pleaded in bar, a former recovery for the same matter, and the plaintiff was under rule to reply.

Under this state of the pleadings, the defendant having tendered no issue to the country, the docket entry of "Issue joined," was irregular, and the verdict and judgment erroneous.

There being, in fact, no issue, it was a mistrial. The verdict could not cure the defect, and the motion of the defendant, made the following day, to strike out the verdict and judgment ought to have prevailed, rendering, of course, any motion in arrest of judgment unnecessary.

After the defendant had made the motion to strike out the judgment, and filed reasons therefor, and a day had been fixed for the hearing of the motion, the offer of the defendant to file additional reasons, was a matter within the sound discretion of the Court to permit it to be done or not, and the refusal to allow it to be done, is not the subject of appeal.

The judgment of the Circuit Court, overruling the motion of the defendant, to strike out the verdict and judgment, must be reversed.

*Judgment reversed, and*
*new trial ordered.*

(Decided 11th January, 1877.)