John McCart *vs.* Samuel W. Regester, and others, trading as J. Regester & Sons.

*Pleading—Plea of Payment—Plea of Non est Factum— Joinder of Issue—Motion in Arrest of Judgment.*

A declaration upon a sealed instrument for the payment of a certain sum of money, averred that the defendant had not paid the same. The defendant pleaded *non est factum*, and payment. Upon these pleas issue was joined by an entry on the docket of "issue joined." After trial and verdict for the plaintiffs, upon motion in arrest of judgment, it was HELD :

1st. That the entry of "issue joined" was a sufficient joinder of issue as to the plea of *non est factum*.

2nd. That although the plea of payment was affirmative in form it, was in effect a denial of the allegation of non-payment in the declaration, and the joinder of issue thereon was no ground for arresting the judgment.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Lewis Hochheimer,* for the appellant.

" The appellant having tendered no issue to the country, the docket entry of ' issue joined ' was irregular, and the verdict and judgment were erroneous." *Herbert vs. Wich,* 45 *Md.,* 474.

*Samuel Regester,* and *D. Eldridge Monroe,* for the appellees.

There was a proper joinder of issue in this case. The plaintiffs below waived their right to object to the defend-

ant's first plea for want of an affidavit, and joined issue on all the pleas. While the pleas are inconsistent with each other, and are otherwise objectionable, each of them traverses the whole or a material part of the declaration, and a traverse always involves a tender of issue. *Stephen's Rules of Pleading,* 155–56, 230; 3 *Chitty's Plead.,* 907, (*Ed.,* 1867); *Herbert vs. Wich,* 45 *Md.,* 474; *Cumberland & P. R. R. Co. vs. Slack,* 45 *Md.,* 178; 1 *Poe's Plead.,* 611, 618; *Clarkson vs. White,* 3 *B. Monroe,* 376; *Code, Art.* 75, *sections* 3, 4.

A plea should conclude to the country when it denies the whole substance of the declaration, or the principal and material averment therein. 5 *Robinson's Prac.,* 175, 176; *Stephen's Plead.,* 233.

The record shows that the issues were tried by a jury, and there is nothing to indicate that they were not fully and fairly tried, or that the defendant had not the opportunity of availing himself of all proper and legal defences. The established principle is that a verdict will be upheld by every fair intendment, and that the Court, in the absence of proof furnished to the contrary, by the record, will assume that everything was proved which was necessary to be proved to justify the verdict, and will be cautious how it arrests judgments, after verdict. 1 *Poe's Plead.,* 602, 659–60; *Evans' Practice,* 179; *Warren vs. Harris,* 2 *Gilman,* (*Ill.,*) 307; *Traber vs. Traber,* 50 *Md.,* 3; *Northern Cent. Ry. Co. vs. Mills, et ux.,* 61 *Md.,* 355, 363; *Cumberland & P. R. R. Co. vs. Slack,* 45 *Md.,* 178.

The Court is solicitous to maintain rights rather than astute to defeat them. *Soper, et al. vs. Jones, &c.,* 56 *Md.,* 503, 510; *Henderson vs. Southal,* 4 *Call,* 371.

McSHERRY, J., delivered the opinion of the Court.

The declaration in this case avers " that the defendant by an instrument of writing under seal, dated the fourteenth day of April, eighteen hundred and seventy-seven,

McCart *vs.* Regester, *et al.*

covenanted to pay the plaintiffs four thousand two hundred and sixty-nine dollars and twenty-six cents, with interest thereon, but did not pay the same." The defendant, the appellant, pleaded *non est factum, non infregit conventionem* and payment. The plea of *non est factum* was not verified by affidavit. The appellees filed a replication negativing the pleas, but subsequently withdrew it and joined issue, by an entry on the docket, of "issue joined." The appellant thereupon filed a motion to strike out this joinder of issue, "because the pleas do not admit of a joinder of issue." This motion was overruled by the Court, a jury was sworn and a verdict was rendered for the appellees for five thousand three hundred and ninety-seven dollars and eighty-two cents. Thereupon a motion in arrest of judgment was filed, based upon this alleged improper joinder of issues on the docket. This motion was also overruled and judgment was entered upon the verdict; and from that judgment this appeal has been taken.

We are now asked to reverse that judgment and to send the case back for a new trial, not because the appellant pretends that he has sustained any injury or because the verdict and judgment are in fact wrong; but solely on the ground that this supposed technical defect in the joinder of the issue on the plea of payment occasioned a mistrial. The plea of *non est factum* was bad because not verified by affidavit; but that defect was waived. The entry of "issue joined" was a sufficient joinder of issue as to that plea.

There is nothing in the record to advise us that the appellant sustained the slightest injury by the mode of making up the issue on his plea of payment. It is not suggested that he was thereby prevented from offering any legally competent evidence in his possession tending to show that he had in fact paid the obligation; or that he was, in any way, embarrassed or trammelled in the proper presentation of his defence to the jury. There is no sem-

blance of injustice in the result of the trial, so far·as the record discloses. Notwithstanding this the appellant insists that the judgment, though apparently entirely just, shall be set aside by this Court upon the narrowest technical pretext. We would be averse to doing this in any case, unless imperatively demanded of us by the plainest and most positive requirements of the law.

We do not, however, concede the correctness of the appellant's position that the plea of payment in actions of covenant must always conclude with a verification, and that it does not, therefore, tender an issue but requires a traverse. There is the best authority for the opposite view. In 3 *Chitty's Pl.*, 1001, (8*th Am. Ed.*,) the following form of a plea of payment in covenant is given; viz., After the formal commencement it proceeds " because he says, that the said defendant on the said, &c. &c. at, &c. aforesaid, did pay to the said A. B. the said sum of £——— in the said declaration mentioned. And of this said defendant *puts himself upon the country, &c."* The same author in vol. 1 of the same edition of his valuable work on Pleading, says, " When there is a complete issue between the parties, viz., a direct affirmative and negative, as if the general issue be pleaded; or the defendant simply deny some material fact in the declaration, as where the plaintiff declares on an award, and the defendant pleads no such award; the plea should conclude to the country. And such conclusion seems to be proper, although the plea unnecessarily contain a formal traverse. This rule equally prevails whether the affirmative be first in the pleading, and the negative subsequent, or *vice versa;* and therefore, though the negative be asserted by the plaintiff, and the affirmative by the defendant, as where the plaintiff in his declaration alleges a breach of non-payment of a sum of money on a particular day, or in not repairing, &c., and the defendant pleads *solvit ad diem,* or that he did repair, the plea should conclude to the country; but in debt on

McCart *vs.* Regester, *et al.*

bond, if the declaration be general, and no particular breach be assigned, a plea of performance of the condition must conclude with a verification."

In *Clarkson vs. White,* 3 *B. Mon.,* 376, which was an action of covenant, there were two breaches assigned in the declaration, and the defendant pleaded payment with a *verification* to the first breach and demurred to the second. The plaintiff joined in the demurrer, and without any judgment upon it or replication to the plea, the jury were sworn and rendered a verdict for the plaintiff. The Court after adverting to the fact that the plea concluded with a verification, and that the form given by Chitty concluded to the country, says, "Whether it concludes the one way or the other, makes no difference as to the defence, the *onus* is still upon the defendant, and the same proof required in either case. The plaintiff, in his declaration, avers that the money is not paid; the defendant, in his plea, alleges payment, and the true issue in effect, which the jury try, is, whether the payment has been made or not. So, whether the plea in this case concludes to the country or with a verification, seems to be a matter merely of form."

In *Burgess vs. Lloyd,* 7 *Md.,* 196, it is said " When new matter is alleged the party must generally verify; but where the plea produces a direct affirmative or negative, by denying the allegation in the declaration, it should conclude to the country, whether the affirmative of the issue is held by the plaintiff or defendant, and the proof of the affirmative rests on him who asserts it. * * * * It appears then, that the conclusion does not depend on the character of the averment, that is, whether it be affirmative or negative, but on the inquiry, whether the affirmation and denial form an issue."

This declaration assigns as a breach, for which the plaintiffs bring the action, the non-payment of the sum of money named; and that averment is distinctly traversed,

in the affirmative it is true, by the statement of the plea. Payment is not here pleaded by way of confession and avoidance, as introducing new matter of defence in bar of the action; but only as a denial of the breach alleged in the declaration. In such case the plea properly concludes to the country. The forms of pleading having been simplified and the technical precision formerly required having been abolished both in respect of the statement of causes of action and the formal commencements and conclusions of declarations and subsequent pleadings, we are warranted, we think, for the purpose of preventing a manifest miscarriage of justice, in treating this declaration and this plea as being within the rule referred to by *Chitty* and in *Burgess vs. Lloyd;* even though the language of the declaration and of the plea may be broad enough to bring them within the other rule respecting declarations in debt assigning a breach generally. Certain it is that there is here every element of an issue of fact—an assertion upon the one side and a denial of that assertion on the other. The circumstance that the denial is in the affirmative makes no manner of difference.

There is nothing in the case of *Herbert vs. Wich*, 45 *Md.*, 474, relied upon by the appellant, to question the correctness of these conclusions. That case was an action for the continuation of a nuisance, and there was pleaded in bar a former recovery for the same subject-matter. There was no replication, but an entry on the docket of issue joined. The case was tried *ex parte* and after verdict and judgment a motion was filed to strike out the verdict and judgment. This motion was overruled and upon appeal this Court properly held that there had been a mistrial, for the very obvious reason that the plea of former recovery being by way of confession and avoidance of the plaintiff's cause of action, distinctly set up, as every such plea must, new matter; and, therefore, in accordance with the fundamental rules of pleading, concluded with a

verification, and did not tender or make an issue. As no issue was tendered, none could have been joined until a replication traversing the new matter pleaded had been filed, tendering one. That is a very different case from the one presented by the record now before us.

For more than thirty years a statute of this State has been in force providing that " no judgment shall be arrested or set aside for any omission of mere matter of form ;" and this Court has repeatedly and uniformly declared that every intendment should be made in support of final judgments. Thus the policy of the law is emphatically hostile to the obstruction of justice by mere matters of form, and the strong tendency of Courts is to the discouragement of defences of a purely technical character, devoid of substance and of merit.

Being of opinion that there was no such error committed in overruling the motion in arrest, as will warrant us in disturbing the judgment, the action of the Court in overruling the motion in arrest will be affirmed.

*Judgment affirmed.*