## LEWIS DANIELS AND OTHERS vs. THE CITY OF NEW LONDON.

New London Co., May T., 1889. ANDREWS, C. J., PARDEE, LOOMIS, TOR-RANCE and F. B. HALL, Js.

An appeal from a city assessment by sundry land-owners was pending before a judge of the Superior Court under Gen. Statutes, § 172, when the parties agreed to submit the matter in controversy to arbitration. A submission was drawn by the attorneys for the appellants, and signed by both parties, which provided that the arbitrators should "be governed by the laws applicable to such cases and by the rules of practice obtaining in the trial of causes in the Superior Court," that the award should be "in writing and returned to the Superior Court," and that the court should "render judgment pursuant thereto." The judge before whom the appeal was pending was made the arbitrator, another judge by agreement being afterwards associated with him. After the case had been fully heard, the counsel on both sides, upon the suggestion of the arbitrators, agreed to amend the submission by adding the following:—"It is further agreed that the arbitrators shall have full power to decide all the matters submitted as they shall consider right and just, and that their judgment shall be final and conclusive upon all the parties." The counsel for the appellants had no express authority

to make the amendment, and the appellants did not know of it until after the award was published. They then repudiated the action of their counsel and brought a suit to set aside the award. Held—

1. That the change made by the amendment was a material one.

2. That the submission was to be regarded as made *in pais*, and not under the authority and direction of the court.

3. That the counsel for the appellants had no implied authority, by virtue of their retainer, to make the amendment.

[Argued May 28th—decided September 27th, 1889.]

Suit to set aside an award and for an injunction; brought to the Superior Court in New London County and heard before *Fenn, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiffs. The case is fully stated in the opinion.

*S. Lucas* and *A. P. Tanner*, for the appellants.

1. Mr. Thresher had no power, by virtue of his position as attorney, to make the change in the submission. There was no suit pending. The application to a judge of the Superior Court in the matter of the city assessments was not a suit in the ordinary sense and the judge did not sit as a court. *Trinity College* v. *City of Hartford*, 32 Conn., 466; *Clapp* v. *City of Hartford*, 35 id., 222; *La Croix* v. *County Commissioners*, 49 id., 591. And where no suit is pending an attorney has no implied powers to submit a matter to arbitration. Morse on Arbitration, 16; Billings on Awards, 53; Weeks on Attorneys, § 233. The submission by an attorney, even in a pending suit, must be with the approval of the court and appear of record. *Mitchell* v. *Harris*, 2 Ves. Jr., 137, note 2; *Miller* v. *Criswell*, 3 Penn. St., 449; *Stokely* v. *Robinson*, 34 id., 315; *Evars* v. *Kamphaus*, 59 id., 379; *Bates* v. *Vischer*, 2 Cal., 355. There is a well recognized distinction as to the position of an attorney in relation to proceedings in and out of court. *Derwort* v. *Loomer*, 21 Conn., 245; *Perry* v. *Simpson Waterproof Mfg. Co.*, 40 id., 317; *Rockwell* v. *Taylor*, 41 id., 57; *Tiffany* v. *Lord*, 40 How. Pr., 481; *Lockwood* v. *Black Hawk Co.*, 34 Iowa, 235; *Starr* v. *Hall*, 87 N. Car., 381; *Herbert* v. *Alexander*, 2 Call (Va.), 503;

*Brooks* v. *Kearns*, 86 Ill., 547; *Sperry* v. *Reynolds*, 65 N.
York, 179; *Commissioners of San Jose* v. *Younger*, 29 Cal.,
147; *Madison Ins. Co.* v. *Griffen*, 3 Ind., 277; *Hannum's
Heirs* v. *Wallace*, 9 Humph., 129; 2 Greenl. Ev., § 186; 1
Wait's Act. & Def., 439. An attorney in a case in court
cannot enter a *retraxit* when it is a final bar, nor stipulate
not to appeal, nor that a decision shall be final. 1 Wait's
Act. & Def., 437; *People* v. *Mayor*, 11 Abb. Pr., 66: *Howe*
v. *Lawrence*, 22 N. Jer. Law, 99; *Jenkins* v. *Gillespie*, 18
Miss., 31; *Arthur* v. *Homestead Fire Ins. Co.*, 78 N. York,
462. An arbitration is not one of the modes of legal pro-
cedure which clients are presumed to authorize when they
place their business in the attorney's hands. The appear-
ance of the attorney before arbitrators is that of a mere
agent. 6 Wait's Act. & Def., 516; Billings on Awards, 53;
*Sperry* v. *Reynolds*, 65 N. York, 179. On the other hand a
statutory submission under the control of the court is a pro-
per mode of conducting the suit in another form. 1 Am. &
Eng. Encycl. of Law, 661; *Williams* v. *Walton*, 9 Cal., 142;
*Inhab. of Buckland* v. *Inhab. of Conway*, 16 Mass., 396. The
proceedings are not conclusive till accepted by the court,
and so may safely be adopted as a means of determining the
controversy. *McCahan* v. *Reamy*, 33 Penn. St., 535. But
if Mr. Thresher had a right as attorney to make the change
in the submission, he could not do it without the consent of
his associate. A power delegated to two agents cannot be
exercised by one alone, and this is especially true with re-
spect to attorneys. *Ker* v. *Ropes*, 125 Mass., 577; *In re
Bleakeley*, 5 Paige, 311; *Tilton* v. *Cairo & Fulton R. R. Co.*,
46 N. Jer. Law, 393; *Pollard* v. *Rowland*, 2 Blackf., 22;
*Walker* v. *Goodrich*, 16 Ill., 341; *Smyth* v. *Harvey*, 31 id.,
62; *Morgan* v. *Roberts*, 38 id., 65; *Loeb* v. *Drakeford*, 75
Ala., 464. His associate attorney did not consent. His
letter should not be so construed.

2. The change made in the submission was a material one.
As originally drawn and as signed it contained the following
provision: "It is further agreed between said parties that
said arbitrators, in hearing and determining said contro-

versy, and in the taxation of costs, shall be governed by the laws applicable to such cases and by the rules of practice obtaining on the trial of causes in the Superior Court." Under this provision the arbitrators were bound to decide the case according to law, and if they had not done so the award could be set aside by the court on a proceeding for the purpose. The amendment was as follows: "It is further agreed between the foregoing parties, in addition to and amendment of the foregoing submission, that the arbitrators shall have full power to decide all the matters therein submitted to them as they shall consider right and just, including the taxation of costs, and that their judgment shall be final and conclusive upon all the parties to said submission." Such a change is manifestly a very material one. It cuts the parties off from all right of review. 6 Wait's Act. & Def., 525: *Bigelow* v. *Newell*, 10 Pick., 348; *Boston Water Power Co.* v. *Gray*, 6 Metc., 166; *Gardner* v. *City of Boston*, 120 Mass., 266; *Johnson* v. *Noble*, 13 N. Hamp., 286; *Pratt* v. *Hackett*, 6 Johns., 14; *Allen* v. *Galpin*, 9 Barb., 246.

*J. Halsey* and *A. Brandegee*, for the appellees.

1. Aside from the general question of the authority of an attorney to submit a case with which he is intrusted to arbitration without the express direction of his client, we claim that in the case at bar Mr. Thresher had implied authority, arising out of the special circumstances of this particular case, and his relations to it and to his clients, to make the change referred to. It is to be noted that the proceeding was not an ordinary action at law to be conducted according to the usual mode of procedure, by complaint, answer and pleadings, before a court of common law jurisdiction. It was statutory and peculiar. It was brought before and to be determined by a judge out of court, without the formality of pleadings, and largely upon his judgment and discretion. It was in its very nature a proceeding akin to arbitration, and the judge himself was selected as an arbitrator. It is to be further noted that the avowed object of the submission was "to determine the question involved with more

fairness than at that time seemed possible " by the statutory method. With this object in view Mr. Thresher, the principal counsel, had himself " drafted the original submission." His action had been approved by his clients, who appeared and took their chances in the trial, in the " conduct of which he took the principal part." That they thereby became bound by the submission and are estopped from contesting the award is too plain for argument and needs the citation of no authority. *Blakeley* v. *Graham*, 111 Mass., 8. The authority to " submit " under such circumstances includes the authority to amend the submission, where the change is made in good faith and for the best interests of the clients, as in this case. " If the principal matter is submitted it would seem that what is but an incident is included." *Alling* v. *Munson*, 2 Conn 691. In *Brooks* v. *New Durham*, 55 N. Hamp., 559, while the hearing before the referee was in progress, and before the referee had made his report, an attorney entered into a written agreement that the report of the referee should be final, and it was held to be conclusive upon his client. In *Brackett* v. *Norton*, 4 Conn., 524, this court held that " the court may and often does presume the extent of the agency from the nature of the case, and hence a contract, either necessary or highly expedient in the attainment of a given object, is reasonably to be inferred." In the case at bar it was necessary and highly expedient for the attainment of the object, that the change suggested, and which was for the benefit of the appellants, should be accepted by Mr. Thresher. His authority therefore is reasonably to be inferred. In *Holker* v. *Parker*, 7 Cranch, 449, MARSHALL, C. J., says : " The corporation was represented by counsel and his acts are presumed to be authorized by the party in the conduct of the suit."

2. The change in the submission not only did not prejudice, but it did not even affect the rights of the parties. It is easy now to see, what probably escaped the attention of the draftsman at the time, that the final clause of the original submission, providing for " a return of the award to and judgment thereon by the Superior Court," was nugatory

and void. It was not in accordance with the statute relative to arbitration. Gen. Statutes, § 1203. This defect, however, did not invalidate the other portion of the submission, which was good as a submission at common law. *Dutton* v. *Gillett*, 5 Conn., 172, and note in 2d edition, p. 175; *Peters* v. *Pierce*, 8 Mass., 398. To remedy this defect and thereby obviate the expense, vexation and delay likely to arise out of it, was undoubtedly the motive which inspired the suggestion of the arbitrators, and which led to that change in the submission which saved the appellants from protracted litigation and from the burden of costs which otherwise would have fallen upon them.

3. The original submission was itself final, and was not affected in that respect by the amendment. The object of the submission, as stated in the complaint, was to avoid the delays and uncertainty of litigation, and to leave the issues to be determined by the arbitrators. The language of the submission confirms this construction. The controversy was in terms " to be determined by the arbitrators," and upon the return of their award to the Superior Court "judgment was to be rendered pursuant thereto." Manifestly the sole reason for a return to the court was, that the judgment of the arbitrators should more expeditiously and certainly be enforced by an execution issuing from the court. The high character and standing of the arbitrators selected, also plainly indicates the intention of the parties that the submission was to be conclusive as to all questions of law as well as of fact.

4. The object of all arbitration is to avoid litigation. In early times there seems to have been an unfounded jealousy of this method of deciding controversies, but it is now highly favored by the courts. " The avoiding of a lawsuit by a reference, and thereby escaping the delay, expense and risk of a jury trial, is, in most cases, eminently judicious." *Hine* v. *Stephens*, 33 Conn., 504. " It has always been held that arbitrations to settle particular questions, such as the amount of damages, etc., are binding in law, and indeed highly favored by courts." *Hall* v. *Norwalk Ins. Co.*, 57 Conn., 114.

It is now well settled law that arbitrators have authority to decide all questions of fact and of law necessary to the decision of the matters submitted, and that their award is conclusive even though founded upon a mistake of law, unless the submission itself plainly reserves the legal questions involved for the review of a court of law. *Boston Water Power Co.* v. *Gray*, 6 Met., 131, 165; *Ward* v. *Am. Bank*, 7 id., 489; *Fairchild* v. *Adams*, 11 Cush., 550; *Smith* v. *Boston & Maine R. R. Co.*, 16 Gray, 521. It was held by SHAW, C. J., that " this clause was intended merely to prescribe a rule as to the principles upon which the referees were to decide, and was not intended to restrain them from determining questions of law as well as of fact, and consequently that their award was conclusive as well of the law as of fact." *Bigelow* v. *Newell*, 10 Pick., 348. This case is almost identical with the case at bar. To the same effect are *Gardner* v. *City of Boston*, 120 Mass., 266, and *Ennos* v. *Pratt*, 26 Verm., 630. In 2 Parsons on Contracts, 704, the rule is thus laid down: "If the submission authorize the arbitrators to refer questions of law to the court, this may be done, otherwise such reference would in general be declared void. By a general submission the arbitrators are required to determine the law, and only a decided and important mistake could be shown and have the effect of defeating the award. It has been said that only a mistake amounting to a perverse misconstruction of the law would have this effect. Certainly a very great power is given to arbitrators in this respect, and it has even been expressly declared that they have not only all the powers of both equity and law, but may do what no court could do in giving relief or doing justice." In the light of these authorities the amendment to the original submission gave no new powers to the arbitrators and deprived the appellants of no rights. The result of the change in the matter of costs was for their benefit and it does not lie in their mouths to complain.

5. We come finally to the great question in the case, and claim that an attorney at law, having the conduct of a case, is authorized to submit it to arbitration, whenever that form

of proceeding is, in his judgment, best calculated to promote the interests of his client. This power flows from the nature of his professional obligation to devote his best skill, judgment and services to the interest of his clients. It is founded in the usages and traditions of the noblest of the learned professions, and is emphasized and enforced by the sanctions of the oath which he takes " to exercise the office of attorney according to the best of his learning and discretion, and with fidelity as well to the court as to his client." It is akin to those other powers which must necessarily be and constantly are exercised by counsel without consultation with or consent of their clients, in that strenuous combat of skill, tact, learning and experience in which the highest powers of body and mind are often called forth in the battles of the bar. Thus, he is not only authorized, but in duty bound, to exercise his own judgment—in the choice of remedies; in the time and mode of service; in the selection of a tribunal; in the method of pleading and procedure; in procuring witnesses; in waivers of notice and service; in the order and production of proofs; in the conduct of the trial; in stipulations and admissions; in the matter of continuances; and in references to committees and auditors. That an attorney is clothed with this authority is attested by an almost unbroken series of decisions from the very earliest to recent times. Thus, in Bacon's Abridgment, title "Arbitration and Award"—"If one party and the deputy or attorney of the other party submit to an award, this is well enough, for the act of my deputy is my own act." In *Filmer* v. *Delber*, 3 Taunt., 486, a motion was made to set aside a reference to arbitration, made by an attorney expressly against the consent of his client, and before the arbitrator had entered upon his duties. MANSFIELD, C. J., refused, saying: "An express agreement to refer has been made by counsel and attorney. The defendant's remedy is by action against his attorney. There would be no end to these applications if the court were to interfere." In *Holker* v. *Parker*, 7 Cranch, 449, it was contended that an attorney could not, without the consent of his client, transfer a cause to other judges

than those appointed by law, and place it before a tribunal distinct from the one before which the party himself had chosen to place it; but the Supreme Court, by MARSHALL, C. J., held it to be the practice throughout the United States for suits to be referred by consent of counsel, without special authority from the client; and that the corporation was represented by its counsel, and his acts would be presumed to be authorized by his client. "Where an attorney takes it upon him to appear, the court looks no further, but proceeds as if the attorney had sufficient authority, and leaves the party to his action against him." 1 Bac. Ab., title "Attorney." "A reference of an action or controversy to arbitrators by an attorney, although without the knowledge or special authority of his client, is binding upon his client, arbitration being one of the legal modes of trying disputed questions, to which the client's cause may be submitted by the attorney under his general authority." Weeks on Attorneys at Law, 404. "So he may modify the terms of submission when the client has agreed to refer, and may enlarge the time for the arbitrators to make their award." Id., 405. "An attorney at law has the power to submit to arbitration by virtue of his office." 2 Parsons on Contracts, 5th ed., 689. "Admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the case." 1 Greenl. Ev., § 186. A written stipulation was entered into by attorneys before the referee had made his report, that it should be final. SMITH, J., said: "We will not suffer counsel nor clients to depart from it unless on evidence that the agreement was made by mistake or fraud. That counsel for the town had authority to make it by virtue of his general retainer does not admit of doubt." Brooks v. New Durham, 55 N. Hamp., 559. "There is no question but that an attorney, solicitor or counsel employed to prosecute or defend a suit, has power to submit to a reference or arbitration." 30 Am. Decisions, 628, note. Numerous authorities are cited to show that an attorney has the power to submit his client's cause to reference or arbitration in 76 Am. Decisions, 263. "An authority to prosecute or defend

a suit implies a power to refer it by rule of court, that being a legal mode of prosecuting and defending." *Inhab. of Buckland* v. *Inhab. of Conway*, 16 Mass., 396. "He may agree upon the form and time of trial, and it would seem from the authorities that he may submit his client's case to an arbitration so as to bind his client." *Vail* v. *Conant*, 15 Verm., 321. "An attorney is the representative of his client in court. He is held to be authorized to commence and conduct that cause to final judgment and execution and to do whatever is necessary and usual to bring about that end through all the forms and stages of legal proceedings." *Derwort* v. *Loomer*, 21 Conn., 256. Administrators, executors, city officials, selectmen, and others acting in a representative capacity, are empowered to submit to arbitration. *Hine* v. *Stephens*, 33 Conn., 497; *Brady* v. *Mayor of Brooklyn*, 1 Barb., 584; *City of Shawneetown* v. *Baker*, 85 Ill., 563; *Kane* v. *Fon du Lac*, 40 Wisc., 495; *Schoff* v. *Bloomfield*, 8 Verm., 472; *Coffin* v. *Cottle*, 4 Pick., 454; *Bean* v. *Farnum*, 6 id., 269; 6 Wait's Act. & Def., 511. "A client has no right to control his attorney in the orderly conduct of a suit, and an attorney may waive a default in certain cases contrary to instructions." *Anon.*, 1 Wend., 108. "A judgment confessed by an attorney without process is regular. The client must look to the attorney for damages if he has suffered any. He may also discontinue a suit by virtue of his general retainer." *Gaillard* v. *Smart*, 6 Cowen, 386. The instructions in writing of a client were departed from by counsel. WOODWORTH, J., said : "There is no material difference, but if there were I apprehend it was competent for the attorney to give the directions, and that his client was bound by them. It was a proceeding in the progress of the suit and beneficial to the party in that action, and within the scope of the authority vested in the attorney. He may and ought to exercise his discretion in all the ordinary occasions which take place in relation to the cause. It has been held that the attorney's consent to stand to an arbitration will bind his client." *Gorham* v. *Gale*, 7 Cowen, 739. A reference of an action or controversy to arbitration by an attorney, although without the

knowledge or authority of his client, is binding upon his client. *Morris* v. *Grier*, 76 N. Car., 410. "Counsel employed to bring or defend a cause have power to submit to arbitration." Morse on Arbitration, 15; Watson on Arbitration, 65. An attorney at law may refer his client's case to arbitration with an agreement that the award shall be final. *Wilson* v. *Young*, 9 Penn. St., 101. The case of *Everett* v. *City of Charlestown*, 12 Allen, 93, is almost precisely identical with the case at bar. A written agreement was made and signed to submit the question of damages in the construction of city water works to freeholders, and "to accept their award as final and waive the right of appeal and of trial by jury." One of the counsel who appeared before the referees afterwards repudiated the reference, and claimed that "there was no authority to submit to arbitration." BIGELOW, C. J., says, p. 96: "The brief and decisive reason for holding the defendants to the submission and to the finality of the award is, that in all their proceedings they were represented by their attorneys of record, who not only assented to the agreement of submission, but fully ratified it by appearing before the arbitrators and endeavoring to obtain a favorable award. No doubt can be entertained of the power and authority of an attorney of a party to bind him by an agreement for arbitration. Such an agreement even need not be in writing. It is sufficient if it appears to have been known, fully understood and assented to by the attorney. It would be entirely inconsistent with that good faith and fair dealing which ought to be observed in all judicial proceedings, to permit the defendants to come in and disavow the acts of their attorneys at this stage of the case. The petitioner was irrevocably bound by the award. He could not escape from it, however unfavorable. Justice requires that the defendants should also abide by it." It is respectfully submitted upon this branch of the case that it is impossible for the appellants to escape from the force of either the reasoning or the authorities above cited.

6. It may, as a last resort, possibly be claimed by the appellants that, conceding the general power of an attorney to

submit to arbitration, the rule applies only to cases where suit is pending in a court of common law jurisdiction, and that the proceedings out of which the case at bar arises were not "a suit in court." This attempt to differentiate the two classes of cases has no foundation either in reason or authority. The proceeding was to all intents and purposes "an action at law." It was a statutory "appeal." It was taken to a "judge of the Superior Court by written petition." The statute prescribed "a citation, a service and return;" "execution was to issue" for the amount of the re-assessment; and costs were to be "taxed as upon civil process." Gen. Statutes, §§ 172, 173. The decision of such judge was reviewable by the Supreme Court of Errors. Gen. Statutes, § 1137. The appellants have themselves placed it upon the record "that the proceedings were to be conducted in accordance with the laws applicable to such cases," and the submission itself provides "that the controversy shall be governed by the rules of practice obtaining in the trial of cases in the Superior Court." The finding of the court shows that the attorneys were "counsel in the case," and that the "details, language, and legal effect of the submission and the conduct of the case were entrusted to their judgment, discretion and fidelity." To claim in the light of these facts that such a distinction exists between the case at bar and an ordinary suit at law as denies that authority of counsel in the former case which is conceded to exist in the latter, only shows to what extremity of defense the learned counsel on the other side are reduced.

TORRANCE, J. On the 27th of August, 1887, a controversy between the plaintiffs and defendant concerning the amount and validity of certain sewer assessments, was pending before a judge of the Superior Court under the statute, and on that day the parties agreed to submit the matters in controversy to arbitration. The judge before whom the matter was pending was made at first the sole arbitrator, but another judge was afterwards by agreement associated with him.

The written submission provided, among other things, that the arbitrators in hearing and determining the controversy and in taxing costs should be governed by the laws applicable to such cases and by the rules of practice obtaining in the trial of causes in the Superior Court; that the written award to be made should be returned to the Superior Court for New London County, and that the court should render judgment pursuant thereto.

Under this submission, which was drawn up by the attorneys of the plaintiffs, and was signed by the attorneys of both parties, a hearing attended by all the parties in interest was had before the arbitrators. Some months after the hearing was finished but before the award was published, one of the attorneys employed by the plaintiffs, without the consent or knowledge of his associate, and without the authority or knowledge of the plaintiffs, but with the consent of the attorney of the defendant, so amended the written submission as to make the award final and to give the arbitrators full power to decide the matters referred to them as they should consider right and just.

Shortly after this amendment was made the arbitrators, without further hearing, and in pursuance of the powers conferred upon them by the amended submission, published their award.

As soon as the award and amendment came to the knowledge of the plaintiffs they repudiated and disapproved of both, and of the action of their attorney in making the amendment, and brought suit to restrain the defendant from enforcing the award and to have it set aside, on the ground that the amendment materially changed the submission and had been made without their authority or knowledge. On the trial of the suit in the court below the court found that the amendment was made in good faith by the senior counsel in the case, that he believed he had full power to make it, and believed that it was for the best interests of all concerned that it should be made.

A special finding was made, and on the facts so found the plaintiffs requested the court to rule that the attorney who

made the amendment had no authority to do so, but the court refused to so hold, and rendered judgment dissolving the temporary injunction and for the defendant to recover its cost. From that judgment the plaintiffs appealed, and the sole question made before this court is, whether the court below erred in refusing to rule as requested.

On the argument the defendant contended that the amendment did not materially change the original submission and so did not affect the rights of the parties, but we are satisfied that the amendment was a material one.

The main question then is, whether the attorney upon the facts found was authorized to make the amendment to the original submission so as to bind the plaintiffs.

If he had such authority it must have been conferred upon him by the plaintiffs as a matter of fact, expressly or by implication, or he had it by virtue of his retainer and employment as an attorney in the case.

The court finds that the plaintiffs did not expressly confer such authority, but the defendant contends that the attorney had an implied authority arising out of the special circumstances of this particular case and his relations to it and to his clients. If this last claim means that the plaintiffs in fact conferred the authority by implication at least, then the court below should have so found, for this is a conclusion of fact, and not being found this court cannot draw such conclusion. Had the facts warranted such conclusion it is reasonable to suppose the court would have so found.

If, however, the claim means that the attorney had such authority by virtue of his employment in the case and not otherwise, such claim will be considered in connection with the next question in the case, which is—did the retainer and employment of the attorney in the case confer upon him such authority?

That an attorney at law retained and employed in a cause pending in a court of common law has authority, without the consent or knowledge of his client, to submit such cause to arbitration by rule of court or under the direction of the court, seems to be established by numerous authorities and

is not questioned by the plaintiffs in the case at bar. And if the attorney can under such circumstances bind his client by the submission, we think it would follow that he could bind him by an amendment made to the submission in good faith without the knowledge or consent of his client. The defendant contends that the present case comes within the above rule, or, if not, he contends that an attorney at law, having the management of a matter in controversy, whether pending in court or not, is by law authorized to submit the same to arbitration without the consent or knowledge of his client or of the court.

Let us examine the first of these positions. At the time the original submission was executed the cause was pending before a judge of the Superior Court under the statute, and when the amendment was made the matter was pending before the arbitrators, and so it seems to be claimed by the defendant that there was in either case a cause pending in court within the above rule.

Without determining whether this claim is a valid one or not, it may for the purposes of the argument be granted and still it does not help the defendant. There is no pretence that either the submission or the amendment were made under the authority or direction of the tribunal before which the matters to which the submission or the amendment relate were pending, within the spirit and intent of the rule we are considering.

The submission was made *in pais;* with its execution the judge had nothing whatever to do; and by its terms he had nothing further to do with the submission or the matters involved therein. This is true also of the amendment, even though made at the suggestion of the arbitrators, as the court finds. We think therefore that the case does not come within either the letter or the spirit of the rule, because, even if it be conceded that at the time the submission and amendment were made there was a cause pending in court, still both submission and amendment were made *in pais* and not under nor in subjection to the authority of the tribunal in

either case.   As to the other position of the defendant, we are satisfied that the weight of authority is against it.

The cases establishing an attorney's authority to submit to arbitration a pending cause under the authority and direction of the court are somewhat numerous, and as is well said in *Markley* v. *Amos*, 8 Richardson, 468, this of itself " affords a fair inference that he cannot submit in any other way."

We have been referred to no well considered case, nor do we know of any, which supports this claim of the defendant. On the other hand some of the authorities cited on the plaintiffs' brief are directly against such a position.   See the cases of *Jenkins* v. *Gillespie*, 10 Smedes & Marsh., (18 Miss.,) 31; *Markley* v. *Amos, supra; Scarborough* v. *Reynolds*, 12 Ala., 252; Morse on Arb. & Awards, 16.

In addition to the cases cited there is the case of *McGinnis* v. *Curry*, 13 West Va., 29, decided in 1878, where the court holds that an attorney has no authority, before or after suit brought, to make an agreement *in pais* to submit his client's cause to arbitration without special authority of his client.   So far as the reasoning and conclusions of the court in that case on the point in question here are applicable to the case at bar we adopt them, and feel justified in quoting from the opinion at some length.   The court says: " The authority of an attorney at common law by a consent order made in the court to submit a pending suit to arbitration, is universally admitted.   And the court, in cases where such a consent order has been made at the instance of counsel, have frequently spoken of the authority of counsel to submit a controversy of his client to arbitration in general language which would be broad enough to include, not only a case of a submission of a controversy in a pending suit by an agreement of counsel *in pais*, but even in a controversy about which no suit was pending.   But all the cases in which such loose and general language was used were cases where the authority of counsel was exercised not only in a pending suit, but by a consent order agreeing to the submission made in open court.   See *Wilson* v. *Young*, 9 Penn. St., 101;

*Holker* v. *Parker*, 7 Cranch, 449; *Somers* v. *Balabrega*, 1 Dall., 164; *Bingham's Trustees* v. *Guthrie*, 19 Penn. St., 418.

"In England, though, so far as I know, it has never been decided that an attorney had a right to submit his client's controversy to arbitration when no suit was pending, or by an agreement *in pais*, and not by an order of court when a suit was pending, yet there are English cases from which it may be inferred that the courts may there consider the power of the attorney to submit his client's cause to arbitration as general, and not confined to pending suits or to orders of reference made in courts. See *Banfill* v. *Leigh & Jeffray*, 8 T. R., 571; *Jamieson* v. *Binns & Dean*, 4 Ad. & E., 945. But in considering how much weight should be attached to these dicta of English judges, it should be remembered that an attorney in England occupies towards his client a very different relation from what he does in this country. There he is frequently the general agent of the client and transacts a great deal of his general business. But here an attorney is generally employed to attend to his client's interest in reference to some single controversy. In Pennsylvania, too, there are decisions which might seem to imply that the power of an attorney to submit to arbitration was not confined to the making of a consent order in a pending cause to refer it to arbitration. See *Bingham's Trustees* v. *Guthrie*, 19 Penn. St., 419. But in considering what weight should be attached to the dicta of Pennsylvania judges, it should also be borne in mind that in Pennsylvania the authority of attorneys is more extensive than elsewhere. See *Lynch* v. *The Commonwealth*, 16 Serg. & R., 368; *Wilson* v. *Young*, 9 Penn. St., 101. While I have found no case *deciding* that an attorney has a general authority to submit his client's controversies to arbitration, there are cases in which it has been decided that he does not possess such general authority. See *Jenkins* v. *Gillespie*, 10 Sm. & M., 31; *Scarborough* v. *Reynolds*, 12 Ala., 252. It is true that these were cases in which there was no *lis pendens*. But it seems to me that, as it is held that an attorney by reason of his being employed to institute a suit or defend a

threatened suit has no authority to submit by an agreement *in pais* signed by the attorney the case to arbitration, that it must follow that he has no such authority though the suit be pending. An authority to act *in pais* could only be inferred, if it existed, from his employment before the institution of the suit as an attorney, and such employment as we have seen confers no such authority.

" This conclusion is not at all inconsistent with the numerous cases deciding that an attorney has authority in a pending suit by an order of court to submit the cause to arbitration. When the courts have assigned any reason for their decisions they have been based not merely, if at all, on the employment of the counsel by the client, but on the fact that he is an officer of the court acting in the presence and under the control of the court, and as such has a right to take any legal steps he may deem proper in prosecuting or defending the suit. But this reasoning has no application to any action of the attorney *in pais*, such as agreeing to submit the case to arbitrators by an agreement signed by him without any special authority from his clients."

If an attorney cannot, without special authority from his client, submit a controversy to arbitration by an act *in pais*, we think it follows that he cannot by any like act, without such authority, materially change a submission already made or adopted by his client. To hold otherwise would give the attorney power to do indirectly what he has no power to do directly.

The case of *Jenkins* v. *Gillespie, supra*, was a case where an attorney amended the original submission without authority from his client and the court held he was not bound by the act of the attorney. The court says : " But admitting that an attorney has in general power to submit, has he power to change the terms of the submission made by the parties ? That would be to change their contract. * * * We think it would be going too far to say his assent to the change should bind his client."

In the case at bar, although the court finds that the submission was drawn and signed by counsel who believed and

were justified in the belief that the language and legal effect of the submission were entrusted to their judgment and discretion, still the submission was the contract of the parties, its language was theirs and theirs only, and in legal effect it had all the incidents of a contract of submission made by the parties out of court. They had made it theirs by ratifying and adopting what their attorneys had done, and had been heard under such contract as completed. After such hearing the plaintiffs had a right to rest in the belief that the law under the circumstances gave their attorneys no binding authority to make a material change in that completed contract.

Inasmuch therefore as the court below failed to find that the attorney had any authority from the plaintiffs to make the amendment, and we are of opinion that the law gave him none, we are constrained to hold that he had no authority to make the amendment so as to bind the plaintiffs.

We regret that the facts and the law bring us to such a conclusion in this case, for the amendment was made and suggested in the utmost good faith and was well adapted to promote the best interest of all parties concerned.

There is error in the judgment complained of.

In this opinion the other judges concurred.