Charles F.Claiborne,
        Judge.

B. & H. BLUM

    VS

WM. EDENBORN.

No. 7693.

December 20th, 1920.

7693

B. & H. BLUM

 VS          No. 7693

WM. EDENBORN

 Appeal from Civil District Court, Hon. Geo. H.
Theard, Judge.

  CHARLES F. CLAIBORNE, JUDGE.

 This is a suit for the return of money paid by plain-tiff to defendant on account of a promise of sale. It was filed November 20th, 1916.

 The suit is brought upon the following contract:

$275.00    Shreveport, La., Mar.23d, 1915

 For value received I or either of us, promise to pay to the order of William Edenborn at the office of his duly authorized agent L. M.Mc Farlin, in the L.R. and N. Building, Shreveport, La., (full considera-tion) Two Hundred and seventy-five Dollars for Lot No. Two in Block No. Three "Lenzburg" Red River Parish, La., on the following terms: $25.00 Cash paid to Agent making sale, receipt hereby acknowledged, and the balance $250.00 at the rate of $25.00 per month without interest, and when purchase price has been so paid, William Eden-born agrees to convey to the purchaser,his heirs or as-signs, said described lot by deed. Purchaser declares that he intends and hereby agrees to improve the lot by erecting thereon a building within three months from date hereof, which agreement is part of the considera-tion of this purchase; and it is understood that time is of the essence of this contract, and should purchaser fail to improve the property as, and in the time stated, or be in arrears on his monthly payments a longer period than 30 days, William Edenborn will have the right to forfeit all moneys paid as liquidated damages, and said purchaser shall forfeit all right whatever hereunder".

x x x x x x x x x x x x x x x x x x x x x x x x x x x x

   "Signed"    William Edenborn
           L. M. Mc Farlin,
             sales agent.
           Blum Bros."

Petitioners averred that by the above contract Edenborn agreed to sell to them the lot of ground therein described for the price therein stated; that at the moment of signing said contract they paid to the defendant $25, and that they also paid to him $25 during each of the following nine months of April, May, June, July, August, September, October, November, and December 1915, making in all ten payments aggregating the sum of $250; that they tendered to the defendant the last payment of $25 for which they demanded titles to said lot, which defendant failed to give to them; that while said lot was in the possession of the defendant and at his risk said lot was washed away into the river, and therefore the consideration of the contract failed, and they are entitled to a return of the portion of the price paid by them to the defendant. They pray for judgment for $250.

The defendant admitted the contract sued on but averred that the plaintiffs had failed to allege that they had complied with that part of the contract requiring them to construct improvements upon the lot, and until they did so, they showed no cause of action; he admits that a part of the lot was washed away prior to the last tender, but denies that the lot was in his possession or at his risk: he avers on the contrary that the lot was at the risk of the plaintiffs; that the washing away of said lot was occasioned by an act of God over which he had no control, and that plaintiffs can only demand delivery of the lot on the condition on which it was on the payment of the last installment of $25.

There was judgment for plaintiffs, and defendant has appealed.

Harry Blum testified that Edenborn had possession of the lot all the time and paid the taxes thereon; the defendant never called upon them to erect any buildings on the lot; since the lot has washed away it has no value; in its present condition the lot is of no use to them; defendant never made any complaint of the time or manner of making the several payments, nor did he at any time advise them to take possession of the lot; at the time he offered the last payment, McFarland refused to accept it because he was unable to give a deed to the lot "as he stated it was in the river".

He is a civil engineer for the Louisiana Railway & Navigation Co.; he is familiar with the village of Lenzburg and with Lot 2 of Square 3, he examined said lot in connection with the subdivision and the survey of the river on a great many occasions; he made a survey in October 1915; the last examination made by him was on January 4th, 1919 as shown by the map attached; all of it has washed away; caving has been intermittent during the high water season since March 1918; on March 23d, 1915 the bank was more than 200 feet away, and on December 21st, 1916 was approximately 200 feet away; on March 23d, 1915 and on December 21st, 1915 none of the lots in block 3 had been reached by the river; at the present time all of them are washed away.

1o    There is no force in defendant's plea that plaintiffs' petition discloses no cause of action because they have failed to allege a compliance with their obligation to erect a building upon the lot. It is true that, in commutative contracts, the party who would call upon the other to perform his contract must show that he has offered or performed that which on his part he was obligated to perform. C. C., 1913 (1907), 1914 (1908)

Default is also a prerequisite to an action for a rescission of a contract. C. C., 1912 (1906) .

But it has been decided under all three articles, that a tender or default is not essential when it appears that the obligor is unable to perform the contract. 8 La., 522; 8 R.,161; 9 R., 377; 2 A., 957; 4 A., 24; 19 A., 573, 574; 20 A., 384; 22 A., 283, 284; 29 A., 329, 668; 36 A., 425; 37 A., 472, 493; 39 A., 586; 42 A., 233; 47 A., 1232; 108 La., 8; 119 La., 40; 120 La., 1055.

It would have been an impossible task for the plaintiff to have attempted to build upon a lot which had been washed away and equally as impossible for the defendant to have delivered the lot. Lex neminem cogit ad vana.

2o    The document sued upon is a promise of sale only, and not a complete sale. A promise of sale is not translative of property; it does not change the ownership, nor put the thing sold at the risk of the person to whom the promise is made.

12

Such was our opinion in Carre vs Mutual Bldg. Ass'n. No. 7315 delivered June 4th, 1918, resting upon the following decisions. 17 La., 449: 10 A., 160; 13 A., 361; 14 A., 606; 15 A., 483; 29 A., 663; 34 A., 677; 40 A., 712; 41 A., 1107; 45 A., 108; 121 La., 167; 143 La., 509.

It follows that the rule of law "Res perit domino" must prevail, and that when the lot was washed away it was the loss of the defendant and not of the plaintiff.

The obligation of the seller is to deliver the thing sold. C. C., 2475 (2450).

If the seller fails to make delivery, the buyer will be at liberty to demand a cancelling of the sale. C.C.,2485 (2461).

In all cases where the buyer has a right to recede from the contract, the seller is bound to make him restitution of the price. C. C., 2497 (2473); If the buyer be evicted, he has a right to claim restitution of the price. C. C., 2506 (2482).

In Page vs Loeffler, 146 La., 890, the Court said:

"An agreement for the sale and purchase of real estate does not operate a change of title and place the property at the risk of the prospective purchaser, the more especially when entered into subject to suspensive conditions specified or well understood. Hence, where the property is destroyed by an act of Providence, pending the fulfillment of the conditions, the loss falls upon the seller, and he has no right of action, either for specific performance or damages".

In Talbot vs N. O. Land Co., 143 La., 263, the plaintiff had made a number of partial payments on account of a "Bond for Deed", or promise of sale. Before the last installment had been paid by plaintiff, the future purchaser, a third party filed a petitory action against the proposed vendor and obtained judgment against him. The plaintiff sued for the reimbursement of the payments made by him, and obtained judgment.

Judgment affirmed,

December 20th, 1920.